UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

JEFFREY S. FEINERMAN,

    Plaintiff,

vs.

CELEBRATION CRUISE LINE
MANAGEMENT, LLC

    Defendant.
_____/

## Complaint — Jury Trial Demanded

Plaintiff, Jeffrey S. Feinerman, sues defendant, Celebration Cruise Line Management, LLC, and shows:

## Introduction

1.    This is an action brought by Jeffrey S. Feinerman, a 67-year-old certified public accountant and cancer survivor whom Celebration Cruise Line Management, LLC, fired November 20, 2009 as its controller and replaced with a substantially younger person with no history of cancer. He sues under the age and handicap provisions of the Florida Civil Rights Act § 760.01, et seq., FLA. STAT. (2007) ("FCRA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the Americans With

Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").  Feinerman seeks back pay, liquidated damages, compensatory and punitive damages, front pay or reinstatement, declaratory and injunctive relief, and attorneys' fees.

## Jurisdiction, Venue and Parties

2. This is an action arising under, inter alia, the ADEA and ADA. This court has federal-question jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331.  Because the state claims arise out of the same nucleus of operative facts as do the federal claims, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the northern division of the United States District Court for the Southern District of Florida because the claims arose in Broward County and because defendant maintains and office here.

4. Plaintiff, Jeffrey S. Feinerman, is a 67-year-old CPA and cancer survivor who at all times material was employed by Celebration Cruise Line Management, LLC.  He is a "person" as defined by 760.02(), Fla. Stat. (2011), and "employee" as defined by 29 U.S.C. § 630(f) and 42 U.S.C. § 12111(4), and a "qualified individual" as defined by 42 U.S.C. § 12111(8).

5. Defendant Celebration Cruise Line Management, LLC ("Celebration Management") is a Florida limited liability corporation that has

its principal place of business in Fort Lauderdale, FL. Celebration Management was and is an "employer" as defined by § 760.02(7), FLA. STAT. (2011), 29 U.S.C. § 630(b) and 42 U.S.C. § 12111(5)(a).

### Satisfaction of conditions precedent

6.     Plaintiff, on or about December 18, 2009, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging age and disability discrimination.

7.     The EEOC on or about November 12, 2010, issued Feinerman a Dismissal and Notice of Rights, entitling him to file a civil action on his age and disability within 90 days of its receipt.

8.     More than 180 days have elapsed since the filing of the Charge of Discrimination without the FCHR's making a finding adverse to Feinerman or conciliating the matter.

### The applicable statutes

9.     The Florida Civil Rights Act provides at § 760.10(1), as follows:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

10. The ADEA provides at 29 U.S.C. § 623(a), in pertinent part:

It shall be unlawful for an employer —

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; [or]

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age…

11. The ADA, as amended, provides in pertinent part at 42 U.S.C. § 12112(a) as follows:

It shall be an unlawful employment practice for an employer —

General rule. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

### Count I: Age discrimination in violation of Florida Civil Rights Act

12. Plaintiff incorporates the allegations of ¶¶ 1-6, 8, and 9 as if they were fully set forth in Count I.

13. Celebration Management hired Feinerman in July 2009 as its controller, a position for which he was qualified by education, licensure and experience.

14. Celebration Management fired Feinerman, however, November 20, 2009 following his missing several days of work as a result of contracting Swine Flu and falling victim to an attendant allergic reaction to medication.

15. Although the human resources manager told Feinerman that the company's owners had told the manager to make cutbacks, Feinerman was the only person terminated.

16. Celebration Management replaced Feinerman with a substantially younger person from its accounting department.

17. Celebration Management's conduct, as more particularly alleged above, violated Feinerman's Florida statutory rights against age discrimination, damaged him, and is continuing to cause him irreparable harm.

18. The conduct of Celebration Management was in such reckless disregard of Feinerman's Florida statutory rights against age discrimination as to entitle Feinerman to recover an award of punitive damages to punish Celebration Management and to deter it and other from such conduct in the future.

WHEREFORE, Plaintiff, Jeffrey S. Feinerman prays that this court will grant judgment:

*One*, permanently enjoining defendants Celebration Management, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating the provisions of the § 760.10(1), FLA. STAT. (2011) as to him;

*Two*, awarding judgment against Celebration Management for the back pay and benefits to which Feinerman would have been entitled but for Celebration Management's age-discriminatory acts;

*Three*, awarding judgment against Celebration Management for compensatory damages;

*Four*, awarding judgment against Celebration Management for punitive damages;

*Five*, enjoining defendant Celebration Management to reinstate Feinerman to a job similar to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

*Six,* awarding plaintiff his costs, including a reasonable attorney's fee, pursuant to § 760.11(5), FLA. STAT. (2011); and

*Seven*, granting such other and further relief as is just.

### Count II: Age discrimination in violation of ADEA

19. Plaintiff incorporates the allegations of ¶¶ 1-7, 10 and 13-16 as if they were fully set forth in Count II.

20. Celebration Management's conduct, as more particularly alleged above, violated Feinerman's federal statutory rights against age discrimination, damaged him and is continuing to cause him irreparable harm.

21. Celebration Management's age-discriminatory behavior towards Feinerman was wilful, entitling him to liquidated damages.

WHEREFORE, Plaintiff, Jeffrey S. Feinerman prays that this court will grant judgment:

*One*, permanently enjoining defendants Celebration Management, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating the provisions of the ADEA as to him;

*Two*, awarding judgment against Celebration Management for the back pay and benefits to which Feinerman would have been entitled but for Celebration Management's age-discriminatory acts;

*Three*, awarding judgment for an amount equal to his back pay as liquidated damages;

*Four*, enjoining defendant Celebration Management to reinstate Feinerman to a job similar to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

*Five,* awarding plaintiff his costs, including a reasonable attorney's fee, pursuant to 29 U.S.C. § 216(b); and

*Six*, granting such other and further relief as is just.

### Count III: Handicap discrimination in violation of FCRA

22. Plaintiff incorporates the allegations of paragraphs 1-6, 8, 9, 13,14 and 15 as if they were fully set forth in Count III.

23. Celebration Management was aware that Feinerman, who is bald (partially because of the sequella of chemotherapy for the non-Hodgkins lymphoma he suffered) and who is gaunt, had health problems.

24. Celebration Management therefore either knew that Feinerman suffered a disability, or perceived him as suffering a disability.

25. At all times material, however, Feinerman was able to perform the essential functions of his job, with or without a reasonable accommodation.

26. Celebration Management replaced Feinerman with someone from the accounting department who not only was substantially younger, but who also had no history of health problems.

27. Celebration Management's conduct, as more particularly alleged above, violated Feinerman's Florida statutory rights against handicap discrimination, damaged him, and is continuing to cause him irreparable harm.

28. The conduct of Celebration Management was in such reckless disregard of Feinerman's Florida statutory rights against handicap discrimination as to entitle Feinerman to recover an award of punitive damages to punish Celebration Management and to deter it and other from such conduct in the future.

WHEREFORE, Plaintiff, Jeffrey S. Feinerman prays that this court will grant judgment:

*One*, permanently enjoining defendants Celebration Management, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating the provisions of the § 760.10(1), FLA. STAT. (2011) as to him;

*Two*, awarding judgment against Celebration Management for the back pay and benefits to which Feinerman would have been entitled but for Celebration Management's handicap-discriminatory acts;

*Three*, awarding judgment against Celebration Management for compensatory damages;

*Four*, awarding judgment against Celebration Management for punitive damages;

*Five*, enjoining defendant Celebration Management to reinstate Feinerman to a job similar to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

*Six,* awarding plaintiff his costs, including a reasonable attorney's fee, pursuant to § 760.11(5), FLA. STAT. (2011); and

*Seven*, granting such other and further relief as is just.

## Count IV: Disability discrimination in violation of ADA

29.    Plaintiff incorporates the allegations of paragraphs 1-7, 11, 13, 14, 15, 23, 24, 25, and 26 as if they were fully set forth in Count IV.

30.    Celebration Managemen's conduct, as more particularly alleged above, violated Feinerman's federal statutory rights against disability discrimination, damaged him and is continuing to cause him irreparable harm.

31.   Celebration Management's conduct, as more particularly alleged above, violated Feinerman's federal statutory rights against disability discrimination, damaged him, and is continuing to cause him irreparable harm.

32.   The conduct of Celebration Management was in such reckless disregard of Feinerman's federal statutory rights against disability discrimination as to entitle Feinerman to recover an award of punitive damages to punish Celebration Management and to deter it and other from such conduct in the future.

WHEREFORE, Plaintiff, Jeffrey S. Feinerman prays that this court will grant judgment:

**One**, permanently enjoining defendants Celebration Management, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating the provisions of the 42 U.S.C. § 12101, et seq., as to him;

**Two**, awarding judgment against Celebration Management for the back pay and benefits to which Feinerman would have been entitled but for Celebration Management's handicap-discriminatory acts;

**Three**, awarding judgment against Celebration Management for compensatory damages;

*Four*, awarding judgment against Celebration Management for punitive damages;

*Five*, enjoining defendant Celebration Management to reinstate Feinerman to a job similar to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

*Six,* awarding plaintiff his costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. §§ 2000e-5(k) and 12117; and

*Seven*, granting such other and further relief as is just.

## Demand for Jury Trial

Plaintiff, Jeffrey S. Feinerman, demands trial by jury on all issues so triable.

Respectfully Submitted,

 /s/  William R. Amlong

WILLIAM R. AMLONG
Florida Bar No: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No: 275565
KAmlong@TheAmlongFirm.com
ERIC FARMELANT
Florida Bar No: 084161
EFarmelant@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154

(954) 462-1983

*Attorneys for Plaintiff*